### JONATHAN C. STEVENS *vs.* CHARLES D. PALMER.

A messenger, who takes possession of the property of a debtor, by virtue of a warrant issued pursuant to the insolvent law, is not liable to an action by the debtor for keeping possession after the judge of probate has disallowed the petitioning creditor's debt, and dismissed the proceedings in insolvency, if the petitioning creditor appeals from the judge's decision, and prosecutes his appeal, although that decision is affirmed by the appellate court: The messenger is not bound to decide, at his own peril, whether an appeal lies, nor whether the appellant has done all that is required by law to make the appeal allowable; but he is justified in retaining the goods, whilst the appeal is pending; and if the decision of the judge is affirmed by the appellate court, or the appeal is dismissed, he is not answerable to the debtor, unless he afterwards retains the property an unreasonable time.

A messenger who has a warrant against a debtor, issued pursuant to the insolvent law, is justified in locking the debtor's store, though unoccupied, and taking the key into his own possession.

THIS was an action upon the case, to recover damages for detaining and converting the plaintiff's goods.

At the trial in the court of common pleas, before *Merrick* J. the defendant justified, as messenger, under a warrant, issued by the judge of probate for this county, against the estate of the plaintiff, pursuant to the insolvent law of 1838. And it was proved or admitted, that the defendant, under said warrant, and by virtue thereof, took possession of a desk in the plaintiff's dwelling-house, and of another in his store, in both of which were various notes, deeds and other papers, and the plaintiff's account books; that he also took possession of said store, which was then unoccupied, locked the door thereof, and took the key into his possession; and that this key, and all the property before mentioned, were retained by the defendant, until returned to the plaintiff, as hereinafter stated.

The plaintiff put into the case the record of the proceedings against him as an insolvent debtor; from which it appeared that those proceedings were instituted upon the petition of Hiram C. Stevens, who represented therein, among other things, that he was a creditor of the plaintiff, who owed him a debt exceeding $100; that at a meeting of the plaintiff's creditors, duly called and held by the said judge of probate, on the 6th of January 1844, the said judge, after a due hearing, rejected the said alleged claim of said Hiram C. against the plaintiff, and thereupon ordered and decreed that said petition of said Hiram C., and all proceedings thereon, be dismissed. And it was proved or admitted, that said Hiram C. forthwith duly entered an appeal from said order and decree, rejecting his said claim, to the court of common pleas then next to be held for this county; that he duly entered and prosecuted said appeal, and that the same was pending until the 20th day of October 1845, when judgment was entered in said court, affirming said order and decree of the judge of probate; that after the rendition of said judgment, by the court of common pleas, to wit, on the 6th of January 1846, the defendant returned to the plaintiff the

said key, and all the aforesaid property, so as aforesaid taken by him.

The plaintiff objected that said key and property were not returned to him in a reasonable time. This question was submitted to the jury upon all the facts and circumstances which were in evidence in the case, and they found their verdict, on this point, for the defendant.

It appeared that soon after the said order and decree of the judge of probate, rejecting the claim of said Hiram C. and dismissing the said proceedings, but after the appeal of said Hiram C. had been duly made, the plaintiff demanded of the defendant a return of said key and property, but that the defendant declined returning them at that time, because said proceedings, by reason of said appeal, were still pending. The plaintiff contended that the defendant was bound to return said property in a reasonable time after the said decree of the judge of probate, notwithstanding the pendency of the appeal ; and that he was specially so bound, upon the plaintiff's demanding their return. But the judge ruled that the defendant was not bound to return the property, after said appeal was duly made, so long as the same was duly pending in the court of common pleas.

The plaintiff further contended that the defendant had no right to lock up the store and take and keep the key. But the judge ruled that the defendant, by virtue of his warrant, had a right so to do.

A verdict was found for the defendant, and the plaintiff alleged exceptions to the judge's rulings.

*Porter*, for the plaintiff.

*Sumner*, for the defendant.

SHAW, C. J. It is quite clear, upon the facts, and is not denied, that the original taking of the plaintiff's property, by the defendant, was lawful ; being by virtue of a lawful warrant, duly issued by a competent tribunal, under the insolvent law. The defendant relies upon a conversion by an unwarrantable and unlawful detention of the property. But if the defendant rightly took the property, he was bound to hold it

until the proceedings under which he took it were at an end. There was indeed a decision of the judge of probate, that the petitioner's debt was not proved. But that decision was appealed from; and that appeal opened the whole case.

It has been argued for the plaintiff, that an appeal did not lie in this case; that a petitioning creditor cannot appeal from a decision against his claim. It is also said that the appellant did not give the assignee notice of the appeal, as required by *St.* 1838, *c.* 163, § 4. Was the defendant bound, at his peril, to decide whether an appeal would lie in this case, or whether the appellant had done all that the law required of him to render his appeal allowable? We think not. The question, whether an appeal lay, was for the appellate court, and one of which they had jurisdiction. Until they had decided it, the proceedings were legally pending. Had they decided the other way, the defendant would have been responsible to see the property forthcoming, for the benefit of the creditors. Therefore there was no unwarrantable detention of the plaintiff's property during the pendency of such appeal.

Whether the property was, or was not, seasonably returned, after the final decree, was a question rightly submitted to the jury, on all the evidence in the case, and was settled by their verdict.

It was argued that the defendant could not lawfully take the possession of the store; but the warrant required him to take possession of all the plaintiff's estate, real and personal, except such as might be by law exempted from attachment.

If the jurisdiction of the court, and the validity of the proceedings, depended on the proof of the petitioning creditor's debt, the proceedings could not be quashed or adjudged void till that fact had been determined.

*Exceptions overruled.*